D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ADAM ZUCKMAN,

                        Plaintiff,

                    -against-

DEPARTMENT OF THE TREASURY, INTERNAL
REVENUE SERVICE, UNITED STATES,
TIMOTHY F. GEITHNER – TREASURY
SECRETARY, LAWRENCE R. ENGEL –
REVENUE OFFICER, COMMISSIONER OF
INTERNAL REVENUE SERVICE, MTA-NYCTA,
HALLUM ABDELHACK, and RICHARD
DREYFUS*

                      Defendants.

------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-137 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Adam Zuckman ("Plaintiff") brings this action alleging violations of his civil and constitutional rights through the collection of taxes on his personal income and through the issuance of a "Notice of Levy" on his wages. The Defendants ("Defendants") move to dismiss Plaintiff's Complaint under Rules 12(b)(1), (5), and (6) of Federal Rules of Civil Procedure. Defendants also move for sanctions under Rule 11 of the Federal Rules of Civil Procedure and for an order barring Plaintiff from filing future actions until sanctions are paid. The court grants Defendants' motions to dismiss but denies the motion for sanctions for the reasons set forth below.

---

\* The caption has been changed to name Hallum Abdelhack, who has been incorrectly named as "Alan Abdelhack" in previous captions, as a defendant. The court has also substituted Timothy F. Geithner, the current Secretary of the United States Department of the Treasury, in place of Henry M. Paulson, Jr. See Fed. R. Civ. P. 25(d). The docket has been amended to reflect these changes.

1

## I. BACKGROUND

Plaintiff is an employee of the New York City Transit Authority ("MTA"). (Compl. (Docket Entry # 1) ¶ 2.) In October 2005, the Internal Revenue Service ("IRS") sent a "Notice of Levy" to the MTA to collect unpaid taxes from Plaintiff. (Id. ¶ 8.) The MTA complied with this "Notice of Levy," garnishing Plaintiff's wages. (Id. ¶¶ 9, 12.) Plaintiff alleges that Defendants violated his civil and constitutional rights through the collection of taxes on his personal income. (Id. ¶¶ 1-31.) Plaintiff further argues that Defendants violated his Fourth and Fifth Amendment rights and fiduciary duties owed to him when the IRS sent a "Notice of Levy" and when the MTA complied with the "Notice of Levy," garnishing Plaintiff's wages. (Id. ¶¶ 8-31.)

While Plaintiff's claims are difficult to discern, his argument appears to rest on the contention that collection of income taxes on personal wages is unconstitutional. (See, e.g., Id. ¶ 22) ("Plaintiffs find that the Internal Revenue Code empowered by the 16th Amendment Lacks personal jurisdiction because taxation is being imposed on a natural person's salary . . . .").) Plaintiff contends that the Constitution only permits income taxes on corporate income and income earned outside the United States. (Id. ¶ 4.) Plaintiff seeks the following remedies from this court: (1) "permanent Relief from submitting a W-4 form"; (2) fifty million dollars in damages from the United States; (3) twenty million dollars in damages from the MTA; and (4) recovery of the money collected "illegally" by the IRS. (Id. at 5.)

Judge Matsumoto of this district and the Court of Appeals for the Second Circuit considered essentially identical claims by another MTA employee in Sherwood v. Dep't of the Treasury, No. 09-CV-227 and dismissed that complaint. Judge Matsumoto found that those complaints were "frivolous, lack[ed] any basis in law, and that the court lack[ed] subject matter

2

jurisdiction." Sherwood v. Dep't of the Treasury, No. 09-CV-227 at *5 (E.D.N.Y. Feb. 5, 2009), aff'd Sherwood v. Dep't of the Treasury, No. 09-1405-cv, 2010 WL 1049239 (2d Cir. March 23, 2010) (Summary Order).

## II. STANDARD OF REVIEW

In reviewing Plaintiff's Complaint, the court is mindful that because Plaintiff is proceeding pro se, his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); see also McEachin v. McGuinnis, 357 F.3d 197, 200-01 (2d Cir. 2004). It is well established that the submissions of a pro se litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

## III. DISCUSSION

### A. Lack of Subject Matter Jurisdiction

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to challenge the court's subject-matter jurisdiction by means of a motion to dismiss. In reviewing a motion to dismiss under Rule 12(b)(1), courts must "accept as true all material factual allegations in the complaint," Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted), but refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]," APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that this court lacks subject-matter jurisdiction over Plaintiff's claim. Plaintiff must exhaust administrative remedies before this court has jurisdiction to hear claims under several

3

provisions of the United States tax laws[1]. See Sherwood, 2010 WL 1049239 at *1. Plaintiff has made no showing, and the record does not indicate, that Plaintiff has exhausted any administrative remedies. While it is unclear exactly what claims the Plaintiff asserts in his Complaint, to the extent that Plaintiff asserts claims requiring exhaustion under tax law, such as Plaintiff's challenge of the levy, this court lacks subject-matter jurisdiction over Plaintiff's actions. Defendants' motion to dismiss is granted as to those claims.

### B. Improper Service of Process

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows a defendant to challenge the insufficiency of service of process. Defendant Dreyfus moves to dismiss under Rule 12(b)(5), claiming that he was not personally served with process. See Fed. R. Civ. P. 4(e). Plaintiff claims that Dreyfus was served process "through the summons compliance room" at the MTA, where the summons was accepted by "Angeline Ingram." (Affidavit of Fact (Docket Entry # 19-2) at 1.) But Plaintiff has failed to show, and nothing in the record suggests, that Angeline Ingram is "an agent authorized by appointment or by law to receive service of process" for Dreyfus. Fed. R. Civ. P. 4(e)(2)(C). Further, there is no indication that Plaintiff's service on Dreyfus was made through other proper means. See Fed. R. Civ. P. 4(e)(2)(A)-(C); see also

---

[1] Section 7421 of title 26 of the United States Code states that except as provided in other sections of the Code, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Section 7422(a) of title 26 of the United States Code provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary." 26 U.S.C. § 7422(a). To challenge a levy, a party must follow the administrative procedures set out in 26 U.S.C. § 7429(a) before judicial review is permitted under 26 U.S.C. § 7429(b). 26 U.S.C. § 7429(a)-(b); see also Wapnick v. United States, 112 F.3d 74, 74 (2d Cir. 1997). Similarly, 26 U.S.C. § 7433(d)(1) requires exhaustion of administrative remedies before a district court has jurisdiction to hear a claim against "any officer or employee of the Internal Revenue Service" who in "connection with any collection of Federal tax with respect to a taxpayer . . . recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433(a).

4

N.Y. C.P.L.R. 308. Accordingly, Plaintiff's service of process on Dreyfus was insufficient. Defendant Dreyfus' motion to dismiss is granted.

### C. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal for "failure to state a claim upon which relief can be granted." A court evaluating a Rule 12(b)(6) motion must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002). To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 555 U.S. 544, 570 (2007)).

It is well established that "the federal income tax is constitutional, wages are taxable income, and the Sixteenth Amendment removed the apportionment requirement for direct taxes." Sherwood, 2010 WL 1049239 at *1; see also Ficalora v. Comm'r of Internal Revenue, 751 F.2d 85, 87 (2d Cir. 1984). Plaintiff's claims that his rights were violated by the act of collecting taxes on his personal income are meritless. Furthermore, Plaintiff's claims that his rights were violated by Defendants when the IRS issued the "Notice of Levy" and when the MTA garnished Plaintiff's wages are also meritless because these claims are predicated upon plaintiff's erroneous argument that the federal income tax on wages is unconstitutional and unlawful. (Compl. ¶¶ 8-31.) Accordingly, any claims that are not dismissed for lack of subject-matter jurisdiction or improper service of process are dismissed because Plaintiff has failed to state any claim upon which relief can be granted. Defendants' motion to dismiss is granted.

### D. Motion for Sanctions

Defendants move for sanctions against Plaintiff for filing frivolous claims under Federal Rule of Civil Procedure 11 and for an order "directing the clerk of the court to accept no further papers from plaintiff on any matter until he provides the Court with proof of payment of any monetary sanction that the Court imposes in this matter." (United States' Motion to Dismiss and for Sanctions (Docket Entry # 20) at 1-2.) This court declines to impose sanctions or take other measures at this time, taking into consideration that Plaintiff is proceeding pro se and has no known history of pursuing frivolous litigation aside from plaintiff's previous action before the United States Tax Court. (See Transcript from United States Tax Court (Docket Entry # 20-3).)

Plaintiff is advised that the continued filing of plainly meritless complaints may result in the imposition of sanctions or other measures. The court may impose monetary sanctions pursuant to Federal Rule of Civil Procedure 11, which requires that "claims, defenses, and other legal contentions [be] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," Fed. R. Civ. P. 11(b)(1), and which allows the court to impose sanctions after notice and a reasonable opportunity to respond. Fed. R. Civ. P. 11. If the court deems it necessary, the court may, after notice and a reasonable opportunity to respond, enjoin Plaintiff from filing further lawsuits without prior leave of the court. See Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) ("The issuance of a filing injunction is appropriate when a plaintiff abuses the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings.") (internal quotations omitted). Defendants' motion is denied.

## IV. CONCLUSION

For the foregoing reasons, the court grants Defendants' motions to dismiss and denies Defendants' motion for sanctions. The Complaint is dismissed.

SO ORDERED.

                                                          s/Nicholas G. Garaufis

Dated: Brooklyn, New York                              NICHOLAS G. GARAUFIS
       September 7, 2010                                United States District Judge